UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DUNHAM, ) | |
| ) | |
| Petitioner, ) | CV-N-03-0183-LRH-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JACKIE CRAWFORD, *et al.*, ) | |
| ) | |
| Respondents. ) | |

      I.    Procedural History

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Richard Dunham, a Nevada prisoner.

I.    Procedural History

Petitioner is incarcerated pursuant to a Judgment of Conviction entered February 26, 1993, following an *Alford* plea, in Nevada's Second Judicial District Court. Exhibits 23 and 24.[1] Petitioner was convicted of one count of sexual assault. *Id*. Petitioner was sentenced to life with the possibility of parole. Exhibit 27.

Petitioner did not file a direct appeal with the Nevada Supreme Court. Petition (docket #6), item 3. However, on September 21, 2000, as a result of a parole hearing held on May 30, 2000, petitioner filed a Petition for Writ of Mandamus and Prohibition with the state district

---

[1] The numbered exhibits referred to in this order were filed by respondents in support of the Motion to Dismiss and are located in the record at docket #10, but filed separately due to the size of the document.

court. Exhibit 29. Following appointment of counsel, a supplemental petition, and a hearing, the court denied the petition on May 3, 2004. Exhibits 29, 34, 35, and 52. Petitioner appealed, and on October 6, 2004, the Nevada Supreme Court affirmed the denial, but remanded for the state district court to enter an amended judgment setting forth petitioner's parole eligibility after ten years. Exhibit 66. Remittitur issued on December 6, 2004. Exhibit 67. The trial court entered an amended judgment on December 13, 2004. Exhibit 69.

On March 28, 2005, this Court received petitioner's *pro se* petition for writ of habeas corpus, initiating this action (docket #6). That petition was filed on April 22, 2005, after petitioner paid the filing fee (docket #5).

Respondents filed a motion to dismiss the petition on June 24, 2005 (docket #10), contending that petitioner has not exhausted his claims in state court. Petitioner filed a Motion for Stay on August 16, 2005 (docket #13) to permit him to return to state court to "exhaust all unexhausted claims." Respondents opposed the stay (docket #14) and petitioner replied (docket #15). The matter is now before the court.

II.   <u>Legal Standards Governing Exhaustion of State-Court Remedies</u>

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

Respondents argue that Grounds 1 and 2 of the petition are not fully exhausted and that Ground 3, which is predicated on the amended judgment of conviction, has never been presented to any state court.

Ground 1

Ground 1 of the federal petition claims violations of petitioner's rights under the Fifth Amendment, including double jeopardy, due process, and *ex post facto* violations. He contends that, although he was sentenced to life with the possibility of parole, with no minimum sentence, the parole board has effectively increased his sentence by increasing his parole eligibility to "more than double the sentence that was given by the Second Judicial District Court." Petitioner provides a lengthy and detailed factual and legal argument to support the claim.

Respondents contend that Ground 1 is unexhausted because petitioner did not present a double jeopardy argument to the Nevada Supreme Court. Respondents also argue that petitioner presented a different factual basis than the one presented to this Court. Petitioner counters that he presented all of his claims to the state supreme court through his *pro se* petition as supplemented by his counsel's petition and brief on appeal.

3

The Nevada Supreme Court was presented with petitioner's claims on appeal from denial of his Petition for Writ of Mandamus and Prohibition. Exhibit 59. The brief on appeal was prepared by petitioner's court-appointed counsel and presents claims of due process and *ex post facto* violations. The brief contends that the parole board improperly changed petitioner's sentence structure by improperly applying an A-3 crime severity level, based on a 1996 change in the "Sentence Structure By Statute" guidelines for parole eligibility.

It is what is presented to the Nevada Supreme Court that determines what has been exhausted. *Duncan v. Henry*, 513 U.S. at 365; *Keeney v. Tamayo-Reyes*, 504 U.S. at 10. Thus, petitioner is bound by those facts and argument his counsel presented in her brief. Nowhere in the Appellant's Opening Brief, or in the response brief, or the court's order is double jeopardy mentioned. Thus, petitioner's claim that he was subjected to double jeopardy has not been fairly presented to the state's highest court for exhaustion purposes.

As to the factual comparisons, the Court finds that the expansive factual recitation contained in the instant petition, while not factually identical to the state petition, does not fundamentally alter the legal claim already considered by the state courts. *Vasquez v. Hillery,* 474 U.S. 254, 260, 106 S.Ct. 617, 622, 88 L.Ed.2d 598 (1986). Thus, with the exception of the double jeopardy claim, Ground 1 is exhausted.

Ground 2

In Ground 2, petitioner again asserts due process, equal protection, and *ex post facto* violations. Respondents argue in their Motion to Dismiss that petitioner did not fairly present an equal protection claim to the Nevada Supreme Court. Motion to Dismiss, p. 6.

In arguing that Ground 2 is exhausted, petitioner relies on his original *pro se* petition for writ of mandamus, noting that he used the phrase equal protection at least three times in the first 2 and one-half pages. However, as noted above, it is not what is presented to the trial court, but what is presented to the Nevada Supreme Court that matters for purposes of exhaustion. *Duncan v. Henry*, 513 U.S. at 365; *Keeney v. Tamayo-Reyes*, 504 U.S. at 10. Before the Nevada Supreme

Court, counsel only argued due process and *ex post facto* violations, making no mention of an equal protection claim. Thus, the Court finds that petitioner has not exhausted his equal protection claim, as presented in Ground 2 of the federal petition.

### Ground 3

In Ground 3, petitioner argues he suffered due process, equal protection, and *ex post facto* violations because the Amended Judgment entered on December 13, 2004, failed to give him credit for $21,814.65 in restitution. He contends that the original judgment provided credit for payment of that amount of restitution.[2] Petitioner admits that this claim has never been presented to the Nevada Supreme Court for review. *See* Petition (docket #6), pp. 1 and 8.

### III. Petitioner's Argument for Stay and Abeyance

The Court finds the instant petition to be a mixed petition, which must be dismissed, unless petitioner can show he is entitled to a stay of the proceedings. In his Motion for Stay (docket #13) and his reply to the opposition to that motion (docket #15), petitioner argues that he is entitled to a stay of this Court's proceedings so that he can return to state court to exhaust his unexhausted claims. He states it is his intention to file a second petition for writ of mandamus directly with the state supreme court. *See* Motion for Stay (docket #13), p. 2. However, petitioner has not met the requirements for a stay recently imposed by the United States Supreme Court in *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas

---

[2] The petitioner does not actually claim that he paid this restitution and offers no proof that he did. Rather he relies on the unfortunate wording and punctuation of the original judgment, which petitioner reads as giving him credit for payment of the restitution. The Court has requested that respondents provide a complete transcript of petitioner's sentencing to assist it in clarifying the status of the restitution.

5

corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 125 S.Ct. at 1535.

There is little guidance offered by the Supreme Court as to what is the appropriate standard for a showing of good cause for petitioner's failure to exhaust. In *Jackson v. Roe,* 2005 WL 2319679, 5 (9th Cir.2005) the Ninth Circuit concluded that good cause did not require a showing of "extraordinary circumstances." The court said

> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ... appears to be less stringent than ... 'extraordinary circumstances' ").

*Id.* Thus, it would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813-14 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Petitioner has not shown good cause for his failure to exhaust the double jeopardy claim set out in Ground 1 or the equal protection claim set out in Ground 2. He does not allege confusion or events beyond his control. He merely argues he mentioned due process, equal protection, double jeopardy, and *ex post facto* violations several times in his original petition for writ of mandamus to the trial court. Petitioner offers nothing to suggest how Ground 3, which he has already admitted was never presented to the state courts, could have been addressed in the petition filed with the district court before the amended judgment came into existence. Moreover, the Court finds that petitioner had ample time after the filing of the Amended Judgment to present Ground 3 to the state courts. He made no efforts to address the claim to the state courts. As a result, petitioner shall not be granted a stay of these proceedings.

IV.     Petitioner's Election

With respect to part of Ground 1 (double jeopardy) and Ground 2 (equal protection) and all of Ground 3, petitioner has an election to make. Petitioner may elect to voluntarily abandon the unexhausted grounds for relief, and proceed in this Court on the remaining grounds for relief (the due process and *ex post facto claims* in Grounds 1 and 2); or the Court will dismiss his entire petition without prejudice. Appendix A, attached to this Order, is a form declaration of abandonment; petitioner may use the form to make his election.

If petitioner elects to proceed with dismissal of this action and return to state court to exhaust his unexhausted claims, he will not be able to return to this Court because of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). The holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*, and Fail v. Hubbard*, 315 F.3d 1059 (9th Cir. 2002), significantly limit the extent of any tolling of the one-year limitations period during the pendency of a federal habeas corpus petition. In this case, petitioner's one-year limitations period has most likely already expired during the pendency of his action in this Court, and, under *Duncan* and *Fail*, petitioner may not enjoy the benefit of any tolling. This means that petitioner would be unable to file a *new* action in this Court in the future, after returning to state court to exhaust his unexhausted grounds for relief.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #10) is **GRANTED IN PART AND DENIED IN PART**. The Court finds part of Ground 1 (double jeopardy), part of Ground 2(equal protection), and all of Ground 3 to be unexhausted in state court.

**IT IS FURTHER ORDERED** that petitioner's Motion for Stay (docket #13) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this Order to file a declaration of abandonment with the Court indicating his voluntary abandonment of parts of Ground 1 (double jeopardy) and Ground 2 (equal protection) and all of Ground 3 of the instant petition. Failure to file the declaration will result in the entire petition

7

1  being dismissed as a mixed petition.

2  **IT IS FURTHER ORDERED** that, if petitioner does not file his Declaration before
3  the expiration of the above imposed deadline, the Clerk shall submit the matter to the Court
4  immediately upon expiration of that deadline for dismissal of the action.

5  **IT IS FURTHER ORDERED** that if petitioner elects to abandon the unexhausted
6  claims, respondents shall have forty-five days from filing of the declaration to file and serve their
7  Answer to the surviving grounds for relief in the petition. Petitioner shall then have thirty days to
8  file and serve his Reply.

9  Dated this 21st day of November, 2005.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE